# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-899V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * *

The Estate of MARGIE D. REINECCIUS,
Decedent, by and through MARCEY A.
BLANKENSHIP, as Personal Representative,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

Filed: May 20, 2015

Decision by Stipulation; Attorney's
Fees & Costs

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Isaiah Richard Kalinowski*, Maglio, Christopher and Toale, PA, Washington, DC, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On December 22, 2011, Marcey A. Blankenship, as Personal Representative for the Estate of Margie D. Reineccius, filed a petition seeking compensation under the National Vaccine Injury Compensation Program. On October 29, 2014, the parties filed a stipulation detailing an amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner the award outlined by the stipulation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

On May 20, 2015, counsel for both parties filed another joint stipulation, this time in regards to attorney's fees and costs. The parties have stipulated that Petitioner should receive a total amount of $24,050.10 for fees and costs. Of that amount, $22,271.10 is for attorneys' fees and costs for the law firm of Maglio, Christopher and Toale, PA, and $1,779.00 is for out-of-pocket costs incurred by Petitioner (as represented by Petitioner's counsel in compliance with General Order No. 9).

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award should be made in the form of:

- a check in the amount of $22,271.10 payable jointly to Petitioner and Petitioner's counsel, Isaiah Kalinowski, Esq.; and

- an additional check in the amount of $1,779.00 payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.